IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOYCE MARIE JETER<br>Plaintiff, | § § § | |
| v. | § § § | C.A. NO.:<br>JURY DEMAND |
| MARSHALL INDEPENDENT<br>SCHOOL DISTRICT<br>Defendant, | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, JOYCE MARIE JETER, appearing *pro se*, bring this COMPLAINT against Defendant, MARSHALL INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "MISD") and alleges as follows:

### INTRODUCTION

1.  This action seeks economic and compensatory damages, liquidated damages, attorney's fees (once an attorney enters my case), expert fees, taxable costs of the Court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964 (42 U.S.C.§ 2000e, et seq.) as amended, 42 U.S.C.§1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C.626, et seq.) and 42 USC § 1983.

## PARTIES

2. Plaintiff JOYCE MARIE JETER is a resident of Marshall, Harrison County, Texas.

3. Defendant MARSHALL INDEPENDENT SCHOOL DISTRICT is a school district operating in Marshall, Harrison County, Texas, and may be served with a process via its Superintendent, Richele Langley, at the following address: 1305 E. Pinecrest Dr. Marshall, Texas 755670.

## JURISDICTION

4. This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this Court because of the civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") in accordance with provisions prohibiting age discrimination and retaliation for participating in protected activity. This action specifically seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled under the law on account of discrimination based on age and retaliation for participating in activity protected under Title VII and the DEA.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 139 (b), as the events giving rise to Plaintiff's claims occurred substantially in Harrison County, Texas.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

7. Plaintiff, JOYCE MARIE JETER, was employed with MISD as a contract

employee as a Substitute Teacher from 2019 -2022. Plaintiff Joyce M. Jeter is a Black female born September 8, 1954.

8. Plaintiff worked in short- and long-term capacities for all school district levels. Plaintiff mainly (approximately two years) worked at the Junior High School, which included teaching summer school. Plaintiff never received a negative written complaint from the District during my employment with the schools.

9. Although I worked as a substitute teacher, Plaintiff continued to look for other MISD open positions. Plaintiff saw a Career and Technical Education (CTE) position for Introduction to Law at the High School, and Plaintiff applied for that position in June 2021 and waited to hear back. Human Resources indicated that my request had been received and processed. Plaintiff waited several weeks after Plaintiff didn't hear anything and called Human Resources regarding the position and was told the job had been filled. The next day the same CTE position was posted for the Junior High School. Plaintiff immediately applied for the job opening on or about July 30, 2021. Plaintiff texted the principal, Mrs. Adams, to let her know that Plaintiff was interested in the position and reminded her that my background was in law. Mrs. Nakeisha "Adams" Pegues and Mrs. Dimitri Fisher (assistant principal) knew Plaintiff had worked at a local law firm in Marshall, Texas, and Plaintiff had legal experience. It was known that Plaintiff had retired from that local law firm and had been off for almost ten years, and Plaintiff wanted to get back into the workforce. After several weeks of not hearing anything, Plaintiff started hearing that the position had been filled. The position was still posted, and Plaintiff had not heard from Mrs. Adams regarding the text Plaintiff sent her to acknowledge she received it.

10. Plaintiff asked my daughter, Raychelle Record, to ask her if she had received my text. Mrs. Adams told her to have me call her. Plaintiff called Mrs. Adams regarding the text, and she stated, "I saw it. I didn't know who it was from, so I deleted it; I have filled the position." Plaintiff checked the posting the position showed it was still open the next after Mrs.Adams indicated "she had someone for the position." A few days later, Plaintiff went to the personnel manager Mrs.Katina Brown and spoke with her regarding this matter. Mrs. Brown checked the job posting and stated that the position was still open in her system. Plaintiff told Mrs. Brown that Mrs. Adams had hired someone who didn't have the CTE requirements and was younger. Several weeks after Plaintiff spoke with Mrs. Brown, Plaintiff met with Superintendent Richele Langley regarding those mentioned above and other things, only to hear she knew Mrs. Adams would not do anything like that.

11. The posted position was not filled by a person trained in the field of the job posted. The person hired did not meet the CTE job description per the MISD listing. All of which Plaintiff had at the time Plaintiff applied for the position.

## COUNT ONE
## DISCRIMINATION UNDER THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## FIRST CLAIM FOR RELIEF

12. The allegations contained in Paragraphs 9 through 11 are hereby incorporated by reference.

13. Plaintiff believes and therefore alleges that Defendant failed to acknowledge and or contact me for an interview for the CTE position because of Plaintiff's age, violates 29 U.S.C. 623(a)(1) and therefore entitles Plaintiff to relief under the provision of 29 U.S.C. 626.

14. Defendant failed to acknowledge Plaintiff texted Defendant requesting interest in the position and reminding Defendant of Plaintiff's legal background. Defendant did not indicate receiving my application from Human Resources.

## DAMAGES

15. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, future wages, lost benefits under the contractor employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

16. Defendant has intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and injury to credit standing. Because of Defendant's intentional discrimination against Plaintiff on

the basis of Plaintiff's age, Plaintiff is entitled to liquidated damages.

## ATTORNEYS' FEES AND FEES

17.     A prevailing party may recover reasonable attorneys' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981, and the Age Discrimination in Employment Act. Although Plaintiff is currently not represented by an attorney at this time, attorney fees are requested in the event one is hired in the near future. Plaintiff seeks all reasonable and necessary attorneys' fees and fees in this case from Defendant, including preparation and trial of this lawsuit.

## JURY DEMAND

18.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assumes jurisdiction of this cause;

2. The Court to award Plaintiff damages as specified above;

3. The Court to award Plaintiff's reasonable attorneys' fees and other fees and costs;

Plaintiff further prays for any other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*[signature]*

Joyce Marie Jeter, Pro Se
2947 FM 1186
Marshall, Texas  75672
903-407-1723

COMPLAINT, page 5 of 5